Elizabeth M. Ghanem
Nevada Bar #6987
GHANEM & SULLIVAN, LLP
8861 West Sahara, Suite 120
Las Vegas, NV 89117
Telephone: (702) 862-4450
Facsimile: (702) 862-4422
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SARA ROBINSON

               Plaintiff,

      vs.

DENNIS RODMAN, an individual; HARD ROCK HOTEL HOLDINGS, LLC; a Nevada limited liability company; HARD ROCK HOTEL, INC., a Nevada Corporation; DOES 1 through 10; ROES 1 through 10.

               Defendants.

Case No.: 2:07-CV-01552

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SARA ROBINSON ("Plaintiff"), by and through her attorneys, Ghanem & Sullivan, LLP, complain and allege as follows:

## PARTIES

1.    That Plaintiff is, and at all times relevant herein, was, a citizen of the State of Nevada.

2.    Plaintiff is informed and believes and based thereon alleges that defendant DENNIS RODMAN ("Rodman") is, and at all times relevant hereto, was a resident of Clark County, Nevada.

3.    Plaintiff is informed and believes and based thereon alleges that defendant HARD ROCK HOTEL HOLDINGS, LLC is, and at all times relevant hereto, was, a Nevada entity organized and existing under the laws of the State of Nevada with its principal place of business in the State of Nevada.

4.      Plaintiff is informed and believes and based thereon alleges that defendant HARD ROCK HOTEL, INC. ("HARD ROCK") is, and at all times relevant hereto, was, a Nevada entity organized and existing under the laws of the State of Nevada with its principal place of business in the State of Nevada.

5.      Plaintiff is ignorant of the true names and capacities of Defendant Employers, sued as ROES 1 through 10 inclusively, and therefore, Plaintiff sues said Defendant Employers by such fictitious names. Plaintiff reserves the right to amend the complaint to name the ROE Defendant Employers individually or collectively as they become known. Plaintiff alleges that each of the defendant Employers named as ROES was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when same has been ascertained by Plaintiff.

6.      It is further alleged on information and belief that the named and unnamed defendants in the complaint may be alter egos of the Defendant Employers.

### JURISDICTION

7.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331 as this action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff alleges violations of 42 U.S.C. §2000e et seq. and 42 U.S.C. §1983. This Court has supplemental subject matter jurisdiction over the Nevada state law causes of action under 28 U.S.C. §1367 as the Nevada state law causes of action are part of the same case or controversy as the federal claims.

8.      Venue in this district is appropriate under 28 U.S.C. §1391 as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Las Vegas, Nevada.

9.      Prior to institution of this lawsuit, Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. § 1601.13. A right to sue letter has been issued to Plaintiff. All conditions precedent to the institution of this lawsuit have been fulfilled.

. . . .

. . . .

1

**FACTS COMMON TO ALL CLAIMS**

2  10.    At all relevant times, Defendants HARD ROCK HOTEL HOLDINGS, LLC and/or
3  HARD ROCK HOTEL, INC. and/or ROES 1 through 10 ("Defendant Employer"), have
4  continuously been and are now doing business in the City of Las Vegas, Nevada.

5  11.    On or about February 16, 2006, Plaintiff, Sara Robinson ("Robinson"), began her
6  employment with the Defendant Employer as a beverage manager.

7  12.    As the beverage manager, Robinson was in charge of all of the bars outside of the
8  restaurants and specifically the Cuba Libre bar.

9  13.    On or about March 26, 2006, Robinson was working in the Cuba Libre bar when a
10  hotel guest, former NBA basketball player, Dennis Rodman ("Rodman"), began making a
11  scene in the bar.  Security was called due to the scene and large crowd gathering around
12  Rodman.

13  14.    Unable to get Robinson's full attention, Rodman approached the bar and attempted to
14  climb on top of or over it.

15  15.    Robinson put her hands up and asked Rodman to stop as the bar began to move.  As
16  Robinson stepped around the bar, Rodman grabbed her, pulled her towards him and rubbed his
17  body against hers. Robinson tried to get free from Rodman's grasp at which time he assaulted
18  her by reaching down and slapping her open handed on her bottom.

19  16.    Security stood by watching as Robinson ran from the room.  The incident was caught
20  on surveillance tape.

21  17.    Robinson immediately contacted her supervisor and shortly thereafter filled out a
22  voluntary statement.  Robinson was informed that Rodman would not be allowed back in the
23  hotel and she was further encouraged to report similar incidents.

24  18.    On or about April 15, 2006, Robinson was informed by a bartender that Rodman was in
25  the Cuba Libre bar on April 14, 2006 and was causing another scene.  Although security was
26  called, no were sent to the Cuba Libre bar.

27  19.    On or about April 15, 2006, Robinson informed the Defendant Employer via a
28  voluntary statement of Rodman's actions the previous day.

-3-

20. On or about April 27, 2006, Robinson was locked out of her office computer and is informed by Human Resources of the Defendant Employer that she needed to sign paperwork for her resignation. Robinson informed she was not resigning and which point the Defendant Employer terminated her position.

21. Defendant Employer failed to take prompt and appropriate action under the laws and their own harassment policies.

22. Robinson was subjected to retaliation in the form of termination.

## FIRST CLAIM FOR RELIEF

### (Sexual Harassment/Hostile Work Environment-- Violation of 28 U.S.C. §2000e et seq. against Defendant Employer)

23. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

24. During the course and scope of employment with Defendant Employer, Plaintiff was subjected to physical assault of a harassing nature by Rodman, a guest of Defendant Employer.

25. The assault was sexual in nature and because of the Plaintiff's gender, female.

26. The assault was unwanted and unwelcomed by the Plaintiff.

27. The assault was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment thereby creating a hostile work environment.

29. Plaintiff reported these incidents to her direct supervisor and ultimately to the department of human resources for Defendant Employer.

30. Defendant Employer is liable to Plaintiff for Rodman's physical assault toward Plaintiff.

31. Plaintiff suffered damages as a result of the harassing conduct in an amount to be proven at trial.

32. It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action. Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

. . . .

. . . .

-4-

**SECOND CLAIM FOR RELIEF**

**(Violation of 42 U.S.C. §2000e-3(a) - Retaliation)**

33.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

34.     During Plaintiff's course of employment, and after complaining and filing a statement with human resources for Defendant Employer, Plaintiff was retaliated against by being terminated.

35.     Upon information and belief, the termination was due to the protected activity of filing a statement about the actions of the hotel guest, Dennis Rodman, and the Defendant Employers actions in response thereto.

36.     Plaintiff suffered damages as a result of the retaliation in an amount to be proven at trial.

37.     It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action.  Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

**THIRD CLAIM FOR RELIEF**

**(Negligence)**

38.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

39.     Defendant Employer owes a duty of care to its employees.

40.     Defendant Employer breached that duty by failing to protect Robinson from the Defendant Employer's hotel guest, Rodman.

41.     Defendant Employer's breach caused injuries to Robinson.

42.     Robinson has suffered damages as a result of the Defendant Employer's actions and inactions in an amount to be proven at trial.

43.     It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action.  Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

**FOURTH CLAIM FOR RELIEF**

**(Intentional/Negligent Infliction of Emotional Distress)**

44.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

45.   Defendants intentionally or recklessly engaged in extreme and outrageous conduct aimed at causing emotional distress to Plaintiff.

46.   Plaintiff did in fact suffer severe emotional distress as a result of defendants' conduct including failure to take appropriate action and termination of Plaintiff's employment.

47.   Plaintiff suffered damages as a result of the conduct in an amount to be proven at trial.

48.   It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action.  Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

**FIFTH CLAIM FOR RELIEF**

**(Assault)**

49.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

50.   Rodman intended to cause harmful and offensive physical contact to Plaintiff

51.   By these actions, Plaintiff was put in apprehension of such contact.

52.   Plaintiff suffered damages as a result of the harassing conduct in an amount to be proven at trial.

53.   It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action.  Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

**SIXTH CLAIM FOR RELIEF**

**(Battery)**

54.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

55.    Rodman intended to cause harmful and offensive physical contact to Plaintiff by, amongst other actions, grabbing her, rubbing his body against hers and striking her on her bottom.

56.    Contact occurred with Plaintiff.

57.    Plaintiff suffered damages as a result of the contact in an amount to be proven at trial.

58.    It has been necessary for Plaintiff to retain the services of Ghanem & Sullivan, LLP to bring this action.  Plaintiff is entitled to recover her reasonable attorney fees and court costs incurred herein.

WHEREFORE, Plaintiff demands that judgment be entered in their favor as follows:

1.    For an award of compensatory damages in an amount to be proven at trial;

2.    For an award of punitive damages.

3.    For costs of suit incurred herein;

4.    For reasonable attorneys' fees; and

5.    For such other and further relief as this Court deems just and proper.

### JURY DEMAND

In accordance with Fed. R. Civ. P. 38 Plaintiff hereby demands a trial by jury for all claims so triable.

DATED this 20th day of November, 2007.

GHANEM & SULLIVAN, LLP

By /s/ Elizabeth M. Ghanem
    ELIZABETH M. GHANEM, ESQ
    Nevada Bar No. 6987
    8861 W. Sahara, Suite 120
    Las Vegas, Nevada 89117
    ATTORNEYS FOR PLAINTIFF